UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| In re<br>ALLEN DAVID FREEMAN and<br>DEMONA ANN FREEMAN,<br>Debtors. | Case No. 12-04713-JKC-13<br>Chapter 13 |
|---|---|

**UNITED STATES TRUSTEE'S MOTION FOR DETERMINATION
OF POST-PETITION FEES, EXPENSES, OR CHARGES**

Nancy J. Gargula, United States Trustee, by counsel, Laura A. DuVall, moves the Court for an Order determining the status of the Notice of Postpetition Fees, Expenses, and Charges ("Fee Notice") filed on February 22, 2013 for The Bank of New York Mellon f/k/a The Bank of New York, as successor to J.P. Morgan Chase Bank, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2005-RPI filed by servicer Ocwen Loan Servicing, LLC.  In support of her Motion, the United States Trustee states as follows:

**Background**

1.  This court has jurisdiction under 28 U.S.C. § 1334.  Venue is proper under 28 U.S.C. § 1409.  This matter is a core proceeding.  28 U.S.C. § 157(b)(2)(B).

2.  On April 23, 2012, Allen David Freeman and Demona Ann Freeman ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code ("Freeman Case").

3.  On July 26, 2012, Ocwen Loan Servicing, LLC ("Creditor") filed its Proof of Claim in the Freeman Case ("Claim"), designated by the Court on the Claims Register as Claim No. 8.

4.  On September 13, 2012, the United States Trustee filed her Objection to the Claim ("Claim Objection").  The Claim Objection details approximately three pages of errors in the

1

Claim and further outlines unsubstantiated, and thus objectionable, charges contained in the Claim

5. The deadline to respond to the Claim Objection was October 15, 2012. Creditor failed to file a response.

6. On October 26, 2012, nine days after the response deadline passed, the Court entered an Order on the Claim Objection ("Claim Order"). The Order sustained the United States Trustee's Claim Objection, disallowed the objectionable itemized fees, expenses, and charges totaling $10,289.84, disallowed any fees for preparation of the Claim or amendments thereto, and allowed the balance of the Claim asserting an arrearage of $12,378.19.

7. On November 13, 2012, eighteen days after entry of the Claim Order, Creditor filed its Motion to Reconsider and Motion for Leave to File an Amended Claim ("Motion to Reconsider").

8. On December 5, 2012, the United States Trustee filed her Objection to the Motion to Reconsider stating that Creditor had failed to respond to the United States Trustee's Claim Objection which resulted in the disallowance of the objectionable itemized fees, expenses, and charges. Further, the United States Trustee set out the applicable standard of proof for the Motion to Reconsider and argued that Creditor failed to show requisite cause as to why the Court should grant Creditor's Motion to Reconsider and allow Creditor to amend its claim.

9. On January 14, 2013, the Motion to Reconsider was heard by the Court. Creditor appeared at the hearing by counsel, Jennifer Fitzwater, and the United States Trustee appeared by counsel, Laura A. DuVall and Ronald J. Moore. At the conclusion of the hearing the Court made findings of fact and conclusions of law on the record. An order denying the Motion to Reconsider was entered by the Court on January 22, 2013 ("Reconsideration Order").

10. On February 22, 2013, Creditor filed a Notice of Postpetition Fees,

2

Expenses and Charges which supplements Claim Number 8 on the Claims Register ("Fee Notice").

11. Creditor lists on its Fee Notice a "Bankruptcy Fee," dated January 17, 2013, in the amount of $ 300.00. Attached to the Fee Notice is an invoice which provides further detail regarding this "Bankruptcy Fee." The invoice indicates the fee assessed to Debtors' account is described as a "Response to Objection to Claim – (Rec from Brwr)."

## Argument

12. A review of the case docket indicates that Creditor failed to respond to the Claim Objection. Thus any fees for a "Response to Objection to Proof of Claim" are improper and should be disallowed entirely.

13. Alternatively, the fees listed in the Fee Notice may refer to the litigation of the Motion for Reconsideration. While the description of the fee in Creditor's own attachment does not support such a reading, the fee should be disallowed nonetheless. The Court found that adequate cause did not exist to allow for the relief requested in the Motion to Reconsider. There is simply no justification which would allow Creditor to collect any fees from Debtors for self inflicted and unnecessary costs of litigation caused by Creditor's failure to respond to the initial Claim Objection.

14. Further, the Fee Notice may arguably seek reimbursement for a fee that has been previously disallowed. Specifically, the Claim Order states, "All Proof of Claim preparation fees for the Claim or any amendment thereto or replacement thereof are hereby disallowed and may not be charged to Debtors' mortgage account." Creditor's request for a fee as it relates to a non-existent Objection to Proof of Claim should not be allowed by the terms of the Claim Order.

3

15. Creditor may argue that it has the right to collect any fees associated with its defense of its Proof of Claim under the terms of the Note and Mortgage and thus charge the Debtors for its efforts. However, the terms of the Note and Mortgage should not apply when Creditor failed to protect its interests through its non-response to the Claim Objection and then seek relief when costs mount in an effort to ameliorate the problem created by Creditor's own inaction. This cost should be borne by Creditor alone. Although the terms of the mortgage may contain an indemnification provision shifting responsibility for certain attorneys' fees to the Debtor, that provision is inapplicable to the extent a claim is incorrect or does not comply with Fed. R. Bankr. P. 3001. Cf. United States v. Seckinger, 397 U.S. 203, 211-12 (1970) (a contractual indemnification provision should not be construed to permit an indemnitee to recover for its own negligence unless the court is "firmly convinced" that is the intention of the parties; this rule is "particularly applicable" when there is a vast disparity in bargaining power between the parties); *Accord* Edward E. Gillen Co. v. U.S., 825 F.2d 1155, 1156 (7th Cir. 1987).

Wherefore, the United States Trustee moves the Court for an Order determining the status of the Notice of Post-petition Mortgage Fees, Expenses, and Charges filed on February 22, 2013, and requests that the fee charged to Debtors for "Bankruptcy Fee," incurred on January 17, 2013, in the amount of $300.00 be disallowed and that the Court also disallow any future fees as it relates to the Proof of Claim, amendments to the Proof of Claim, or any litigation relating to the Proof of Claim or future matters that related to the United States Trustee's efforts, including the instant Motion for Determination and for such further relief as the Court deems just.

                Respectfully submitted,

                NANCY J. GARGULA
                UNITED STATES TRUSTEE

By    /s/ Laura A. DuVall
       Laura A. DuVall
       Trial Attorney
       United States Department of Justice
       Office of the United States Trustee
       101 W. Ohio Street, Suite 1000
       Indianapolis, IN 46204
       P: 317-226-6101
       F: 317-226-6356
       Laura.duvall@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2013 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Julia Martene Andrews1    bkmonitor@bbanda.com
- Ann M. DeLaney    ECFdelaney@trustee13.com, ecfdelaney@cypressmail.com
- Harley K Means    hkm@kgrlaw.com, smn@kgrlaw.com;kmw@kgrlaw.com;ads@kgrlaw.com
- Phillip A. Pluister    mavropodis@bcclegal.com, pluister@bcclegal.com;trainor@bcclegal.com;mavropodis@bcclegal.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Mark S. Zuckerberg    filings@mszlaw.com

I further certify that on February 27, 2013 a copy of the foregoing Motion was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Phillip A. Pluister
BURKE COSTANZA & CARBERRY LLP
9191 Broadway
Merrillville, IN  46410

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1661 Worthington Rd.
Suite 100
West Palm Beach, FL  33409

Allen David Freeman
Demona Ann Freeman
17373 Pinewood Lane
Westfield, IN 46074

/s/ Laura A. DuVall
Laura A. DuVall