

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALLEN DAVID FREEMAN and | ) | |
| DEMONA FREEMAN, | ) | Case No. 12-04713-JJG-13 |
| | ) | |
| Debtors. | ) | |

### ORDER GRANTING DEBTORS' MOTION TO REOPEN AND OVERRULING PHH MORTGAGE CORPORATION'S OBJECTION THERETO

This comes before the Court on Debtors Allen David Freeman and Demona Freeman's ("Debtors") *Motion to Reopen Case* (the "Motion") and PHH Mortgage Corporation's *Objection* thereto (the "Objection"). For the reasons stated below, the Court GRANTS the Motion and OVERRULES the Objection.

This is the second request by Debtors to reopen their bankruptcy case, which was originally closed upon being fully administered in February of 2018. The first motion to reopen was filed on December 28, 2019, and indicated that Debtor wished

to reopen the case to file "a Complaint for Damages and Sanctions against PHH Mortgage Corporation."[1]

The Order granting that motion was entered the next day and gave Debtors 14 days to file the referenced complaint. Debtors failed to timely file the Complaint, and the Court reclosed the case on January 13th. Debtors renewed their request by filing the Motion later that same day. By way of the Objection, PHH argues that Debtors are not entitled to reopen their case because they missed the deadline to file the Complaint.

PHH misreads the nature and purpose of the 14-day deadline stated in the Order granting Debtors' initial motion to reopen. That deadline is imposed for the Court's administrative convenience so that reopened cases do not linger without the moving party timely taking the action previewed in the motion to reopen. The 14-day deadline is not otherwise grounded in the United States Bankruptcy Court, the Federal Rules of Bankruptcy Procedure or the Court's local rules. It is not intended to limit a party's substantive rights to reopen a case or confer rights on any other party who might otherwise oppose further administration of the case or a proceeding therein. And because reopening a case is largely an administrative act, such relief is generally granted, so long as the associated fee, if applicable, is paid (as it was here). As such, the Court is not included to deny the Motion based on Debtors' failure to comply with the Court's order.

---

[1] PHH suggests it the Objection that the complaint Debtors intend to file relates to alleged violations of the discharge injunction.

In the Objection, PHH also suggests that Debtors' claims for violation of the discharge injunction have already been disposed of or adjudicated in another forum and that Debtors is barred from raising them again here. Those arguments, however, go to the merits of any complaint Debtors ultimately file and not to the Motion.

For these reasons, the Court GRANTS the Motion and OVERRULES the Objection. Debtors shall have 14 days from the date of this Order to complete their filing.

###